## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | Case No. 11-40047-09-JAR |
| v. | ) | Case No. 13-4130-JAR |
| | ) | |
| NOLBERTO MOTA, JR., | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| ————————————————————— | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Nolberto Mota, Jr.'s Motion under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

933).  In his motion, Petitioner seeks relief on grounds that he was denied effective assistance of

counsel.  The Government has responded (Doc. 950), and Petitioner has replied (Doc. 955).

After a careful review of the record and the arguments presented, the Court denies Petitioner's

motion without further evidentiary hearing.

## I.      Factual and Procedural Background

On September 26, 2011, Petitioner entered a guilty plea to Count 1 of an Indictment

charging him with violating 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of

methamphetamine.[1]  In the Presentence Investigation Report ("PSIR"), the United States

Probation Office noted investigators interviewed a confidential source ("CSI") who stated the

Petitioner possessed three firearms in Arizona, including two hunting rifles and a .45 caliber

_____

[1] Doc. 212.

handgun, during the course of the conspiracy.[2]  While executing a search warrant, law

enforcement officers found a 9mm semi-automatic handgun along with a bulletproof vest, five

cellular telephones, and digital scales in Petitioner's residence, which he admitted to possessing.[3]

The handgun was found wrapped in foil and unloaded.[4]  Because of the firearm possession, the

PSIR recommended a two-level enhancement pursuant to United States Sentencing Guidelines

§ 2D1.1(b)(1).[5]

Petitioner's counsel, Pedro Irigonegaray, objected to the firearms enhancement in the

PSIR[6] and also renewed the objection in a Sentencing Memorandum.[7] Counsel conceded

possession of the firearms by Petitioner in Arizona, but argued that the guns were used for

hunting and no specific time frame of possession was established by the CSI.[8]  With respect to

the handgun found at Petitioner's residence, counsel argued that it was clearly impossible that

the weapon was in any way connected to the offense because it could not have been fired without

ammunition or a clip and was wrapped in foil and kept on top of a china cabinet.  At the

sentencing hearing, argument and evidence was limited to the handgun found in Petitioner's

residence.  Petitioner testified that the handgun was found at the top of a china cabinet his home,

where he had placed it and where he could reach it if he stood on a chair.  He further testified

---

[2] Doc. 523 at 21, ¶ 112.

[3] *Id*. at 22, ¶ 113; Doc. 933 at 5.

[4] Doc. 933 at 5.

[5] Doc. 523 at 23, ¶ 120.

[6] *Id*. at 33, ¶ 176.

[7] Doc. 794 at 7–9.

[8] *Id*. at 8.

that there were no bullets or ammunition clip in the home and the gun was covered in polish and wrapped in foil.  Petitioner denied that the gun was involved in any drug trafficking activities, but admitted that co-conspirators came to his house and that at times there was methamphetamine and drug money hidden in his home.  The Court overruled the objection, finding that the Government had shown by a preponderance of the evidence that Petitioner's house was a place where he at times held drugs or either received or delivered drugs to others, and at times Petitioner had the proceeds of that drug activity in his home.[9]  The Court found that the handgun was accessible to Petitioner, and was kept in a china cabinet in the dining room near the front door, where a bulletproof vest was found.  The Court noted that officers also located digital scales and multiple cell phones, indicating that Petitioner's house is a site where drugs or drug paraphernalia are stored.

The Court departed from the sentencing guidelines pursuant to the Government's Motions under the U.S. Sentencing Guidelines Manual § 5K1.1 based on Petitioner's substantial assistance and U.S. Sentencing Guidelines Manual § 5K3.1 based on Early Disposition Program.[10] After hearing arguments from counsel and a statement from Petitioner, the Court further departed based on sentencing factors set forth in § 3553(a), and  imposed a sentence of 72 months' imprisonment, more than half the Guidelines range.[11]  Petitioner did not file a direct appeal, and this timely motion under § 2255 followed.[12]

---

[9] Doc. 824 at 1.

[10] *Id.* at 2.

[11] Doc. 823.  Petitioner's Total Offense Level was 37, with a Guidelines Range of 210-262 months. Doc. 824.

[12] *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from . . . the date on which the judgment of conviction becomes final.").

## II.     Legal Standards

### A.     General § 2255 Standards

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United

States District Courts:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records

of the case conclusively show that the prisoner is entitled to no relief."[13]  Petitioner must allege

facts which, if proven, would warrant relief from his conviction or sentence.[14]  An evidentiary

hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the

record, inherently incredible, or when they are conclusions rather than statements of fact.[15]

A district court may grant relief under § 2255 if it determines "that the judgment was

---

[13]28 U.S.C. § 2255(b).

[14]*See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc).

[15]*Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[16] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[17]  A movant may overcome this procedural bar by showing either of "two well recognized exceptions."[18]  First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered.[19]  Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[20]  Second, the "failure to consider the federal claims will result in a fundamental miscarriage of justice."[21]

Finally, Petitioner appears *pro se*.  Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[22]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[23]  However, it is

---

[16] 28 U.S.C. § 2255(b).

[17] *United States v. Magleby,* 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

[18] *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied,* 544 U.S. 904 (2005).

[19] *Id.*

[20] *United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

[21] *Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Id.*

not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[24]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[25]

## B.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[26]  A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[27]  First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[28]  To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[29]  This standard is "highly demanding."[30]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[31]  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of

---

[24]*Id.*

[25]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[26]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[27]466 U.S. 668 (1984).

[28]*Id.* at 688.

[29]*Id.* at 690.

[30]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[31]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

reasonable professional assistance."[32]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[33]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[34]  To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[35]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[36]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[37]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[38]  "The performance component need not be addressed first.  'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[39]

---

[32]*Strickland*, 466 U.S. at 689.

[33]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[34]*Strickland*, 466 U.S. at 687.

[35]*Id*. at 694.

[36]*Id*.

[37]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[38]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[39]*Id*. (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

### III.     Discussion

Petitioner requests relief under § 2255 on a single ground: that counsel performed ineffectively in challenging the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1).[40] Although he concedes that the handgun was found at his residence, Petitioner contends that counsel "did not press the government to make the burden of proving the nexus—that it was not clearly improbable that the firearm was connected with the offense."[41]  Petitioner argues that the Government merely showed possession of the firearm, and that the nexus between the gun and the drug offense was based on speculation.  Petitioner claims he suffered prejudice because "had counsel raised the issue, [his] total offense level would not have been increased."[42]  Petitioner's claim fails under both prongs of *Strickland*.

Section 2D1.1(b)(1) of the sentencing Guidelines provides a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of a drug trafficking crime.  The Guidelines state that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."[43]  The government bears the initial burden of proving possession of the firearm by a preponderance

---

[40]Petitioner claims in passing that counsel did not raise this issue on direct appeal. Doc. 933 at 7.  He does not, however, claim that he ever requested counsel to file a direct appeal. *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003) (holding where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner both professionally unreasonable and presumptively prejudicial).  Nor does Petitioner show that had counsel raised the issue on direct appeal, his challenge would have succeeded on appeal. *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (stating that in considering claims for ineffective assistance of appellate counsel, a petitioner must demonstrate "a reasonable probability that the omitted claim would have resulted in a reversal on appeal.").

[41]Doc. 933 at 2, 5.

[42]*Id.* at 7.

[43] U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) cmt. n.3(A) (2011).

of the evidence.[44]  The government can satisfy this burden by demonstrating "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."[45] The "mere proximity to the offense" may satisfy the government's initial burden.[46]  Thus, the relation may be established through evidence that the weapon was found near the general location where "drugs or drug paraphernalia are stored or where part of the transaction occurred."[47] Once the government satisfies its initial burden, the burden shifts to the defendant to show that "it is clearly improbable the weapon was connected to the offense."[48]

Here, the Government had ample evidence to satisfy its initial burden of proving possession.  The record shows that the handgun, along with a bulletproof vest, digital scales, and multiple cellphones, were seized from Petitioner's residence on June 7, 2011.[49]  Petitioner admitted at the sentencing hearing that he knew the handgun was in his residence and that he had placed it on the high shelf of a china cabinet, where it was accessible to Petitioner.  Petitioner also admitted that drug trafficking activity took place at his home and that he kept drugs and drug proceeds at his home.  Therefore, the weapon was near the general location where drug transactions occurred.  Based upon this evidence, there was sufficient factual support for the government to satisfy its initial burden and apply the two-level enhancement for possession of a firearm.  Thus, any challenge to the Government's initial burden is meritless, and counsel's

---

[44] *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001).

[45] *Id.*; *United States v. Roederer*, 11 F.3d 973, 982 (10th Cir. 1993).

[46] *United States v. Vaziri*, 164 F.3d 556, 568 (10th Cir. 1999) (quotation omitted).

[47] *Roederer*, 11 F.3d at 982–83; *United States v. Alexander*, 292 F.3d 1226, 1231 (10th Cir. 2002).

[48] *Pompey*, 264 F.3d at 1181.

[49] Doc. 523 at 22, ¶ 113.

failure to raise the issue would have been unsuccessful and contrary to case law.[50]

Because the Government met its burden to show possession, the burden shifts to Petitioner to show "it was clearly improbable the weapon was connected with the offense."[51] Counsel vigorously objected to the enhancement on these grounds, and Petitioner testified the gun was kept on a high shelf in a china cabinet, was wrapped in foil, he did not have ammunition, and he believed it to be inoperable. The Court considered this evidence and overruled Petitioner's objection, finding that the handgun, along with a bulletproof vest, was accessible to Petitioner, and thus had a relationship to the drug trafficking business that he was involved in. Petitioner has not presented any further evidence to convince the Court that it was clearly improbable the handgun found in his home was not connected with drug trafficking and that its application of the firearms enhancement was erroneous.[52] Because Petitioner cannot show that counsel's objection to the firearm enhancement was deficient or prejudicial, his claim is denied.

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of

---

[50] *See United States v. Williams*, 431 F.3d 1234, 1237 (10th Cir. 2005); *United States v. Orange*, 447 F.3d 792, 797(10th Cir. 2006) (explaining when omitted issue is without merit, counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.).

[51] *Pompey*, 264 F.3d at 1181.

[52] *See United States v. Krolopp*, 427 F. App'x 639, 642–43 (10th Cir. 2011) (rejecting defendant's argument that the firearms enhancement should not be applied because he possesses a 100-year old shotgun that was purportedly kept as a collectible item and for which he had no ammunition).

the denial of a constitutional right."[53]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[54]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[55]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[56]  For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling dismissing his § 2255 motion without a hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Nolberto Mota Jr.'s Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 933) is DENIED without a hearing; Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: <u>June 19, 2014</u>

 S/ Julie A. Robinson 

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[53]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[54]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[55]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[56]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).