**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff**, | ) |
| | ) Case No. 11-40047-09-JAR |
| v. | ) |
| **NOLBERTO MOTA, JR.,** | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

On February 13, 2015, the Court denied Defendant Nolberto Mota's motion under 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence on the basis of Amendment 782 to the United States Sentencing Guidelines (Doc. 996). The Court explained that Mota is ineligible for relief under Amendment 782 because his sentence of 72 months' imprisonment is below the advisory guideline range of 210 to 262 months, and was imposed in part due to the plea agreement between the parties in which the government agreed to recommend the offense level be reduced by two pursuant to the District of Kansas USAO policy concerning early pleas in a series of related and complex cases.

This matter is before the Court on Mota's Motion for Reconsideration (Doc. 1012) of the Court's prior determination. The Tenth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions.[1] "[A] motion to reconsider an order granting or denying a sentence modification

---

[1] *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) (citations omitted).

under § 3582(c)(2) must be brought within the time granted to appeal that order."[2]  Rule 4 of the Federal Rules of Appellate Procedure prescribes the time for filing a notice of appeal in a criminal case and is therefore the time permitted to file a motion to reconsider a § 3581(c)(2) motion, as follows: "within 14 days after . . . the entry of . . . the judgment or the order being appealed."[3]  "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)."[4]

This Court denied Mota's § 3582 motion on February 13, 2015.  Rule 4(b)(1)(A)'s 14-day window expired on February 27, 2015, and the additional 30-day extension window expired on March 30, 2015.  Mota filed his motion for reconsideration over three months later, on July 9, 2015.  Thus, Mota's motion to reconsider is untimely, and is denied on that basis.[5]

Even if his motion was timely, however, the Court does not have authority to reduce Mota's sentence under § 3582(c)(2).  Mota's motion for reconsideration is based upon his contention that he is repentant and cooperative, that he has successfully completed inmate education, and that he misses his wife and children.  The court's authority to reduce a sentence after sentencing is constrained by the Sentencing Commission.  Following the Supreme Court's decision in *Dillon v. United States*,[6] the Tenth Circuit has recognized that

> [section] 3582(c)(2) prescribes a two-step inquiry for determining

---

[2]*Id.* at 1243.

[3]Fed. R. App. P. 4(b)(1)(A).

[4]*Id.* 4(b)(4).

[5]*See United States v. Green*, —F. App'x —, 2015 WL 5316506, at *2 (10th Cir. Sept. 14, 2015) (same).

[6]560 U.S. 817 (2010).

> whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*.[7]

The Commission has not authorized the Court to reduce a sentence based on the factors cited by Mota. As a result, Mota has not presented any newly discovered evidence, or alleged any clear error or any intervening change in the law.[8] Because Mota has failed to meet the standard for reconsideration, his motion is denied on this basis as well.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Nolberto Mota's Motion for Reconsideration (Doc. 1012) is DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[7] *United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).

[8] *See* D. Kan. Rule 7.3(b)(1)–(3) ("A motion to reconsider must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.").